UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY MARIE PATTERSON,

    PETITIONER,                    CASE NO. 2:12-CV-15658
                                              HONORABLE VICTORIA A. ROBERTS

V.

MILLICENT WARREN,

    RESPONDENT.

_____/

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
(DOC. # 1) AND DENYING MOTION FOR BOND (DOC. # 20)

**I.    INTRODUCTION**

This matter is before the Court on Petitioner's writ of habeas corpus, 28 U.S.C. § 2254, and motion for bond.

On January 13, 2009, Petitioner Holly Patterson was convicted and sentenced on four counts with a minimum of ten years to be served concurrently. The jury found Petitioner conspired with her then boyfriend, Louis Cotoio, to kidnap, unlawfully imprison, and extort her former lover in an effort to obtain money from him to pay for an abortion that she had as a result of her relationship with the former lover.

Petitioner claims that the sentencing court: (1) improperly scored several offense variables; (2) improperly engaged in judicial fact finding; (3) sentenced her to a disproportionate term of prison; and (4) sentenced her based on her failure to admit guilt. Petitioner alleges that at trial:

(1) a biased juror was allowed to be seated; (2) she was denied the right to confront witnesses against her; and (3) she was assisted by ineffective counsel.

The Court referred the matter to Magistrate Judge Paul J. Komives for Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b)(1)(B). The R&R is **ACCEPTED**. The Court **DENIES** Petitioner's writ of habeas corpus and motion for bond.

The following habeas claims are procedurally defaulted because Petitioner either failed to preserve the record for appeal or failed to raise the issue on appeal: (1) she was harshly sentenced for failure to admit guilt; (2) a biased juror was allowed to be seated; and (3) she was denied the right to confront the witnesses against her. The remaining claims do not meet habeas criteria.

## II. STANDARD OF REVIEW

### A. Review of Magistrate Judge's R&R

This Court reviews *de novo* any part of the Magistrate Judge's recommendation on a dispositive motion that is properly objected to. 28 U.S.C. § 636(b)(1). "This *de novo* review, in turn, requires this [C]ourt to re-examine all relevant evidence previously reviewed by the Magistrate Judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part." *Swanigan v. Sherry*, No. 06-10775, 2009 WL 4350625, at *1 (E.D. Mich. Nov. 30, 2009) (citing 28 U.S.C. § 636(b)(1)).

### B. Review of Habeas Petition

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petition for a writ of habeas corpus may be granted only when the adjudication of the petitioner's claims in the state court:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U.S.C § 2254(d).

A state court's decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Additionally, a state court's decision involves an "unreasonable application" of clearly established federal law if it "identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* at 413. Finally, "clearly established federal law" is the "governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 412.

### III. BACKGROUND

On January 13, 2009, Petitioner was convicted of and sentenced to: (1) 10 ½ -to-40 years on two counts of extortion, MICH. COMP. LAWS § 750.213; (2) life for kidnapping, MICH. COMP. LAWS § 750.349; (3) 10-to-15 years for unlawful imprisonment, MICH. COMP. LAWS § 750.349b; and (4) 10 ½ -to-40 years for conspiracy to commit extortion, MICH. COMP. LAWS § 750.157a. After filing a motion for a new trial and resentencing with the trial court, she was resentenced to a term of 10 ½ -to-40 years on the kidnapping charge; all prison terms are being carried out concurrently.

The evidence presented at trial was accurately summarized by the Michigan Court of Appeals on Petitioner's direct appeal:

> Patterson's convictions arise from an incident in March 2008, during which the victim was forcibly restrained and beaten during an encounter with Patterson and her boyfriend and codefendant Louis Cotoio. The Prosecutor's theory at trial was that Patterson and Cotoio "cooked up a plan" to coerce the victim into reimbursing Patterson $500 for the cost of an earlier abortion, because Patterson believed that the victim was responsible for her pregnancy. The prosecutor presented evidence that Patterson invited the victim to her apartment and that, after arriving, the victim was forcibly restrained and beaten by Cotoio. Afterward, Patterson and Cotoio repeatedly screamed at the victim and demanded money. Patterson eventually gave the victim a telephone for him to arrange to have his brother deliver the money in exchange for the victim's release. The victim's brother agreed to bring the money to a specified location, but he also contacted the police. When Patterson arrived at the prearranged location, she was arrested and directed the officer to her nearby Jeep, where the victim was lying bound in the back seat. Cotoio was also inside the Jeep and he too was arrested.

*People v. Patterson*, No. 290857, 2011 WL 19022019, at *1, (Mich. Ct. App. May 19, 2011) (per curiam).

## IV. PROCEDURAL POSTURE

Petitioner appealed her conviction and sentence to the Michigan Court of Appeals, claiming that reversal and a new trial were necessary based upon:

1. The trial court's failure to excuse a biased juror for cause and the ineffectiveness of counsel for not excusing the juror with a peremptory challenge.
2. The admission of incriminating statements obtained from non-testifying co-defendant Cotoio, which were inadmissible testimonial hearsay within the meaning of *Crawford v. Washington*, and her trial counsel's failure to object to the admission of the testimony.
3. The general ineffectiveness of counsel at trial.

While her appeal was pending, Petitioner filed a motion for a new trial and resentencing with the trial court. After evidentiary hearings, the court denied the motion for new trial, but granted resentencing. Petitioner filed another appeal, raising three challenges to her newly imposed sentence. She claimed that resentencing was necessary based upon:

4. The violation of her state and federal due process rights because the trial court erred in scoring offense variable 3, 7, and 14, which relate to bodily injury

4

   requiring medical treatment; treating the victim with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense; and her role as the leader of the crime, respectively.
5. The imposed sentence's violation of both the proportionality rule of *People v. Milborn*, as well as the earlier "shocks the conscience" standard of *People v. Coles*.
6. The trial judge improperly basing her sentence on facts not proven to the jury beyond a reasonable doubt.

The Michigan Court of Appeals found no merit to Petitioner's claims and affirmed her conviction. *Patterson*, 2011 WL 1902019, at *1, 7.

Petitioner then appealed to the Michigan Supreme Court alleging:

1. Claims 1 – 6 as stated in her direct appeal.
2. The trial court failed to admit various material pieces of evidence, such as preliminary transcripts, all reports and statements logged in the discovery pack, and subpoenas of vital witnesses.

The Supreme Court denied Petitioner's application for leave to appeal. *People v. Patterson*, 806 N.W.2d 506 (2011).

On December 27, 2012, Petitioner filed her Writ of Habeas Corpus after exhausting all her state court remedies. The matter is fully briefed and ready for review.

## V. ANALYSIS OF PETITIONER'S CLAIMS

### A. Petition for Writ of Habeas Corpus

Petitioner claims that the trial court: (1) improperly scored several offense variables; (2) improperly engaged in judicial fact finding; (3) sentenced her to a disproportionate term of prison; and (4) sentenced her based on her failure to admit guilt. Petitioner also raises claims alleging that: (1) a biased juror was allowed to be seated; (2) she was denied the right to confront witnesses against her; and (3) she was assisted by ineffective counsel.

#### 1. Procedurally Defaulted Claims

##### a. Claims not Raised in the Habeas Petition

5

Before addressing the claims in the petition, the Court notes that Petitioner objects to all of the Magistrate Judge's findings and alleges numerous additional claims. For example, she says: (1) counsel was ineffective for advising her not to accept the prosecutor's plea offer; (2) evidence was suppressed; and (3) witnesses committed perjury.

These claims are "not properly before the Court, as they ha[ve] not been exhausted in the state courts nor [were they] raised in petitioner's habeas application." *Hamilton v. Romanowski*, No. 5:10-CV-14392, 2012 WL 2224450, at *13 (May 7, 2012) (Komives, M.J.), *magistrate judge's report adopted*, 2012 WL 2198790 (E.D. Mich. June 15, 2012) (O'Meara, J.). "[A] traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. A court cannot consider new issues raised in a traverse or reply to the State's answer." *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (citing *Cacoperdo v. Demosthenes*, 37 F. 3d 504, 507 (9th Cir. 1994)).

Only the claims in the original petition are addressed.

### b. Claims not Objected to at Trial or Raised on Appeal

Respondent argues that these claims are procedurally defaulted: (1) the trial court sentenced her based on her failure to admit guilt; (2) a biased juror was allowed to be seated; and (3) she was denied the right to confront witnesses against her.

The Magistrate Judge held that Respondent's claims were most likely defaulted, yet, addressed each on the merits. He concluded that: (1) default may be excused by her claim of ineffective assistance of counsel and (2) consideration of counsel's effectiveness depended, in part, on consideration of petitioner's underlying claims. *See Strickler v. Greene*, 527 U.S. 263, 282 (1999) (The Court considered the merits of petitioner's habeas petition because inquiry into

the cause and prejudice required to excuse procedural default depended on consideration of the underlying claims).

Petitioner objected to the Magistrate Judge's conclusion that these claims were procedurally defaulted, but her objection was conclusory; she failed to substantiate it.

Unmistakably, these claims were procedurally defaulted. A claim is procedurally defaulted when: "(1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

Petitioner's claim that the trial court sentenced her based on her failure to admit guilt is procedurally defaulted; she failed to raise the claim on direct appeal.

Petitioner's claims that: (1) a biased juror was allowed to be seated and (2) she was denied the right to confront witnesses against her, are procedurally defaulted because they were not raised at the trial court level. However, Petitioner contends that these claims were not raised because of the ineffectiveness of counsel.

While a claim of ineffective assistance of counsel may excuse default, Petitioner's ineffective assistance of counsel claim does not serve as a shield and it is meritless. *Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977) (holding that procedural default may be excused by showing cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from the default).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The

right to effective counsel protects the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish ineffectiveness of counsel, Petitioner must show that: (1) "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) the defense was prejudiced by counsel's performance. *Id*. at 687.

With respects to the performance prong, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. at 689. With respect to the prejudice prong, the Court must determine "whether there is a reasonable probability that, absent the errors, the factfinder would have reasonable doubt respecting guilt." *Id*. at 695.

Ultimately, establishing the ineffectiveness of counsel is a high burden. *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (holding that "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.").

### i. Failure to Remove Biased Juror

Petitioner contends that her attorney allowed a biased juror to remain on the jury. Petitioner argues that the juror was biased because she admitted that she was against abortion.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend VI. The finding of an impartial jury is a factual determination, and Petitioner must present clear and convincing evidence of the contrary in order for the writ to be granted. *Gall v. Parker*, 231 F. 3d 265, 309 (6th Cir. 2000).

Although Juror 32 indicated she was against abortion, she did not appear to be biased. When asked if she could judge Petitioner fairly based on the allegations, Juror 32 responded that she would try. Petitioner's attorney made a challenge to remove the juror for cause, but was denied. The denial was reasonable.

Petitioner's counsel reasonably opted to retain Juror 32 under the belief that the juror would perceive the facts in Petitioner's favor in an effort to follow the trial court's instructions. *Patterson*, 2011 WL 1902019, at *2 (at a post-trial hearing, defense counsel explained that he conferred with Petitioner, who agreed with his strategy). Petitioner presents no evidence establishing that this strategy is unreasonably flawed.

No evidence shows that Petitioner was prejudiced by her counsel's decision to retain Juror 32.  *See Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001) (petitioner was prejudiced by her counsel's failure to dismiss a juror after a "clear declaration that she did not think she could be a fair juror."). Petitioner has not shown that there is a reasonable probability that the outcome of the trial would have been different if her counsel had not made the alleged error.

Accordingly, even on the merits, Petitioner's claim would be denied.  The trial court did not err in allowing this juror to remain.

Whether a trial court has seated a fair and impartial jury is a factual inquiry, involving an assessment of the impartiality of potential jurors. *Gall*, 231 F.3d at 309 (Citing *Patton v Yount*, 467 U.S. 1025, 1036-38 (1984) (question in case of juror bias is whether juror swore "that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed."). Petitioner presents no evidence of juror impartiality that would allow this Court to circumvent the high deference given to the trial court's impartiality finding.

9

Petitioner's counsel was not ineffective for failing to dismiss Juror 32.

### ii. Confrontation Clause

Petitioner claims that counsel was ineffective for allowing the admission of statements made by her co-defendant. The Court disagrees.

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Therefore, out-of-court testimonial evidence offered in a criminal proceeding is only admissible when: (1) the declarant is unavailable at the time of trial and (2) the defense must have had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

Petitioner's counsel wanted to call her co-defendant as a witness, but could not because he invoked his Fifth Amendment privilege. However, written statements made by Petitioner's co-defendant to detectives, following his arrest, were admitted into evidence.

Petitioner's counsel made the strategic decision to forgo confrontation clause objections under the reasonable belief that the admitted testimony would support her defense. *Patterson*, 2011 WL 1902019, at *3 (at a post-trial hearing, both defense counsel and Petitioner expressed their desire to have her co-defendant testify, and acknowledged the veracity of the admitted testimony). This strategy was reasonable given the fact that the admitted testimony tended to limit Petitioner's involvement in the crime.

Additionally, Petitioner presents no evidence indicating that she was prejudiced by her counsel's decision. This is particularly evident given other incriminating evidence, including the testimony of the victim and his brother and Petitioner's appearance at the scene of the arranged money exchange.

Petitioner's counsel was not ineffective for failing to object to the admission of statements from her co-defendant.

Consequently, Petitioner's following claims are procedurally defaulted: (1) the trial court sentenced her based on her failure to admit guilt; (2) a biased juror was allowed to be seated; and (3) she was denied the right to confront witnesses against her.

### 2. Remaining Claims

Petitioner's remaining claims are that the trial court: (1) improperly scored several offense variables; (2) improperly engaged in judicial fact finding; and (3) sentenced her to a disproportionate term of imprisonment.

#### a. Improperly Scored Offense Variables

Petitioner requests that the Court remand for re-sentencing. She claims that the trial court improperly scored offense variables 3, 7, and 14, which relate to bodily injury requiring medical treatment; treating the victim with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense; and her role as the leader of the crime, respectively. Petitioner argues that these errors resulted in a substantially increased sentence.

The Magistrate Judge concluded that Petitioner's claim is not cognizable in habeas proceedings; the Court agrees.

The Supreme Court holds that federal habeas courts have the authority to review errors of state law only when the petitioner has been denied the fundamental fairness required of the trial process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner does not allege that she was denied fairness at trial; she only says that her *sentence* was improper. A claim that a court misapplied state sentencing guidelines is not cognizable on habeas review. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

### b. Improper Factfinding

Petitioner claims that the trial court violated her Sixth Amendment right to a trial by jury by using factors to score her sentencing guidelines that had not been: (1) submitted to a jury and (2) proven beyond a reasonable doubt. Specifically, she claims that the court violated *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) by engaging in improper factfinding at sentencing and that she is entitled to resentencing.

The Magistrate Judge concluded that the trial court did not violate *Blakely* and *Apprendi* because the Michigan sentencing guideline system allows judges to engage in fact finding only to establish the minimum sentence; the Court agrees.

*Apprendi* and *Blakely* only affect a judge's ability to impose sentences beyond the statutory *maximum*. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court later explained that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04. Therefore, any sentencing guideline that allows judges to impose sentences beyond the statutory maximum, by considering facts that have not been established by a jury beyond a reasonable doubt, is unconstitutional. *See United States v. Booker*, 543 U.S. 220, 237-43 (2005).

*Apprendi* and *Blakely* are not implicated here; Petitioner's sentence did not *exceed* the *maximum*. Michigan applies an indeterminate sentencing scheme which imposes a minimum and maximum sentence for crimes. MICH. COMP. LAWS ANN. § 769.8. Under this scheme, "[t]he maximum penalty provided by law shall be the maximum sentence in all cases." *Id*.

The trial court's fact findings only impacted Petitioner's minimum sentence, and there was no need to submit facts to the jury. *Montes v. Trombley*, 599 F.3d 490, 496-98 (6th Cir. 2010) (the Michigan sentencing "guidelines mandate that [the petitioner's] minimum sentence be determined by a judicial factfinding process. See MICH. COMP. LAWS ANN. § 769.34. Because this procedure relates only to the minimum sentence applicable to [the petitioner] as part of an indeterminate sentencing scheme, it does not violate the petitioner's] due process rights or [her] right to a jury trial.").

Petitioner's claim is denied; there was no Sixth Amendment violation.

### c. Disproportionate Sentencing

Petitioner claims that her sentence was disproportionate to her offense in violation of the Eighth Amendment's prohibition against cruel and unusual punishment; she requests that the Court remand for new sentencing. She claims that her sentence is far more severe than her correctly scored minimum guidelines and the original recommendation from the probation department.

The Magistrate Judge held that Petitioner's sentence was not grossly disproportionate; the Court agrees.

The Supreme Court holds that the Eighth Amendment only protects against grossly disproportionate punishment. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Ewing v. California*, 538 U.S. 11 (2003). The Sixth Circuit's analysis of *Harmelin*, in which this Court asks only

13

whether the sentence is grossly disproportionate to the offense, is controlling for purposes of habeas review. *Coleman v. Dewitt*, 282 F.3d 908, 915 (6th Cir. 2002); *United States v. Baker*, 197 F.3d 211, 217 (6th Cir. 1999).

A sentence imposed within the statutory guidelines is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999). Petitioner's sentence falls well below the statutory maximum. MICH. COMP. LAWS ANN. § 750.349 ("A person who commits the crime of kidnapping is guilty of a felony punishable by imprisonment for life or any term of years or a fine of not more than $50,000.00, or both."). All of Petitioner's sentence minimums are at the bottom of the guidelines.

This claim is denied; there was no Eighth Amendment violation.

### B. Motion for Bond

A federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for a writ of habeas corpus. *See Lee v. Jabe,* 989 F.2d 869 (6th Cir. 1993) (reviewing a district court's denial of bail pending the district court's consideration of a habeas petition); *Bell v. Howes*, 841 F. Supp. 2d 1018, 1019 (E.D. Mich. 2012). However, concerns over principles of federalism create a sense of reservation in federal district courts asked to interfere with a final state court judgment by ordering release on bond. *See Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988); *Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985) ("A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.").

For this Court to grant bond, Petitioner must show that there is: (1) a substantial claim of law and (2) the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice. *Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006); *Puertas v. Overton*, 272 F. Supp. 2d 621, 630 (E.D. Mich. 2003).

Petitioner failed to demonstrate the likelihood of success on a single claim; and, her circumstances are far from extraordinary. Petitioner's motion for bond is denied.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability ("COA") is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not shown that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. The court declines to issue a COA.

## VII.   CONCLUSION

Petitioner's objections to the Magistrate Judge's R & R are **OVERRULED**. The Magistrate Judge's R & R is **ADOPTED**. Accordingly, Petitioner's Petition for Writ of Habeas Corpus and Motion for Bond are **DENIED** and a Certificate of Appealability is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated: July 31, 2014